MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Western Missouri - K.C. |
|---|---|---|
| Name (under which you were convicted): Keilon L. Madge | | Docket or Case No.: |
| Place of Confinement: Yazoo City Medium | | Prisoner No.: 31551-045 |
| UNITED STATES OF AMERICA | | Movant (include name under which convicted) |
| | v. | KEILON L. MADGE |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   U.S District Court
   Western District of Missouri
   Kansas City Division

   (b) Criminal docket or case number (if you know): 4:16-cr-00182-DGK-1

2. (a) Date of the judgment of conviction (if you know): 1/22/2019
   (b) Date of sentencing: 1/22/19

3. Length of sentence: 180 Months

4. Nature of crime (all counts): Count II: Distribution of More Than 28 Grams of Cocaine, in Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): N/A
      (2) Result: _____
      (3) Date of result (if you know): _____
      (4) Citation to the case (if you know): _____
      (5) Grounds raised:

   N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

    (4) Nature of the proceeding:   N/A

    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐     No ☐

    (7) Result:

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket of case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐     No ☐

    (7) Result:   N/A

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☐

    (2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Counsel Was Ineffective

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: _Ineffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(See Attached Memorandum)

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:
      N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:   N/A
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
      N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐     N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Counsel Was Ineffective

**GROUND TWO:** Due Process Violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(See Attached Memorandum)

Counsel's Failure to File Notice Appeal Violated Petitioner's Due Process.

(b) **Direct Appeal of Ground Two:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑
N/A

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:   N/A
Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:   N/A
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Ineffective Assistance of Counsel

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:
      N/A

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☐
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):
   N/A

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☐
      N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2) If you answer to Question (c)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐
(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐
(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐
(6) If your answer to Question (c)(4) is "Yes," state:   N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At the preliminary hearing: Counsel of Record Sean W. Pickett
    (b) At the arraignment and plea: Counsel of Record   1118 W. McGee Street
    (c) At the trial: N/A   Suite 2000
    (d) At sentencing: Counsel of Record   Kansas City, MO 64106
    (e) On appeal: N/A
    (f) In any post-conviction proceeding: In Pro Per
    (g) On appeal from any ruling against you in a post-conviction proceeding: In Pro Per

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A
    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐   N/A

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Pursuant to 28 U.S.C. §2255 Rules and Procedures, this 2025 Petition has been prepared, signed, submitted to be filed by this Court, all within the one-year timeframe required for equitable tolling. This §2255 is timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

To Vacate Sentence/Judgment and Remand for Resentencing or in the alternative set for an Evidentiary Hearing for the Merits Warranted on issue.

or any other relief to which movant may be entitled.

Keilon L. Madge Jr.
Signature of Attorney (if any)
Keilon L Madge/ In Pro Per
Affiant / Petitioner

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 1/19/20
(month, date, year)

Executed (signed) on 1/19/20 (date)

Keilon L. Madge Jr.
Signature of Movant
Keilon L Madge/ Petitioner

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

In Pro Per/ Affiant
Reg. No. 31551-045
FCC-Yazoo City Medium
P.O. Box 5000
Yazoo City, MS 39194-5000

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

WESTERN DIVISION

KEILON L. MADGE #31551-045, §

    Petitioner/Movant, § CASE NO. 4:16-cr-00182-DGK(1)

v. §

UNITED STATES OF AMERICA, §

    Respondent. §

## MEMORANDUM WITH POINTS AND AUTHORITIES

**COMES NOW**, Petitioner/Movant, Keilon L. Madge [, acting in pro per (pro se), respectfully submits this Memorandum With Points and Authorities in Support of ATTACHED § 2255 Petition, pursuant to all Federal Rules, Regulations and Procedures in conjunction with 28 U.S.C. § 2255.

Petitioner further prays that this Court construe this pleading liberally in light of Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), holding that, "pro se litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings."

### FACTS

1) Petitioner is currently incarcerated at the FCC-Yazoo City Medium Facility in Yazoo City, Mississippi.

2) Petitioner was sentenced to a 180 month term of imprisonment after being convicted of Distribution of More Than 28 Grams of Cocaine,

in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).

3) Petitioner's Judgment was final on January 23, 2019 after a plea of guilty was made on November 22, 2017.

4) Petitioner's counsel of record did make objections to the Pre-Sentence Report but failed to request any Shepard documents to support a § 4B1.1 Career Offender Enhancement as to Petitioner's prior State of Missouri conviction for "Sale of a Controlled Substance" and whether "Sale of a Controlled Substance" qualifies as a predicate offense under § 4B1.1 and § 994(h) of the Career Offender Guideline Statute.

5) Petitioner's enhancement severely prejudiced Petitioner and created a severe disparity between 28 Grams or More at a Base Offense 24 (under the NEW 782 Amendment Guidelines) or a sentencing range of 77 to 96 months after a three level reduction for his Acceptance of Responsibility; as opposed to his current sentence of 180 months.

6) Petitioner did ask to APPEAL his case with Counsel, and was under the presumptive or assumption that Counsel did file a Notice of Appeal, but upon receiving his Court Docket from the Court in late October of 2019, Petitioner began preparing his § 2255 Petition in order to get it filed in a timely manner after discovering that Counsel never filed a Notice of Appeal.

BASED on the foregoing, Petitioner argues the following:

I. INEFFECTIVE ASSISTANCE OF COUNSEL

The U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), set forth the bar for ineffective assistance of counsel claims when it held that the Sixth Amendment Right to Counsel is the right to effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functining of the adversarial process that the proceedings cannot be relied on as having produced a just result. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside a sentence, requires that the defendant must show first, that counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. The proper standard for judging attorney's performance, is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

Judicial scrutiny of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption taht counsel's conduct falls within the wide range of reasonable professional assistance.

With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

## A. FAILURE TO FILE A NOTICE OF APPEAL -

When a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Flores-Ortega, 528 U.S. at 477, 484-85; U.S. v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If a defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believest after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Petitioner had instructed Counsel of Record that he wanted him to file a Notice of Appeal, due to the fact that Petitioner's sentence was enhanced under the Career Offender Statute and that the court had erred by using a prior State of Missouri conviction for "sale of a controlled substance" as a predicate under § 4B1.1, when a conviction for "sale of a controlled substance" does not fit the predicate under § 4B1.1's constrolled substance offense.

Petitioner had wrote numerous letters to Counsel without ever receiving any response. Furthermore, Petitioner's family members tried contacting Counsel and left several messages for return calls and never received any return call. When the family contacted the Eighth Circuit Court of Appeals and spoke with the Clerk of the Court, in or around September of 2018, the Clerk informed his family that there was nothing pending or even filed under "Keilon Madge" out of the District of Missouri. Upon the information received from his family, Petitioner immediately wrote the Court requesting for a Court Docket to confirm that nothing had been filed as to a Notice of Appeal. Upon receipt of his Court Docket, Petitioner began his filing of his § 2255 petition.

See Affidavit.

In light of Counsel's Ineffective Assistance of Counsel for failing to file a Notice of Appeal, after making numerous objections to Petitioner's PreSentence Report that would warrant issues raised on Direct Appeal as to his Career Offender Enhancement and other issues non-frivolous.

Furthermore, Petitioner has attached an Affidavit to support his claim, so that there is no dispute of Petitioner's wishes to appeal. (See Ex. 1). Based on the foregoing, the Court can presume prejudice in light of Counsel's deficiency of ineffectiveness, despite any waivers, due to merited issues that Petitioner wanted to raise on Direct Appeal. Counsel of Record's deficiency forfeits an "appellate proceeding altogether." Garza v. Idaho, S.ct. No. 17-1026.

## CLOSING

Under 28 U.S.C §1291 and Rule 4 of the Appellate Rules and Procedures, both allow for a filing of an out of time Notice of Appeal. Counsel was ineffective for failing to file a Notice of Appeal as instructed to do so. Petitioner respectfully requests that this Court Vacate his Sentence/Judgment to re-instate his Appeal Rights to file an out of time Notice of Appeal, thus preserving his §2255 Rights pursuant to 28 U.S.C §2255 after his Appeal. In the alternative, this Court

—5—

remand to set for an evidentiary hearing based on the merits raised, all in the interest of justice.

Respectfully Submitted on this 20th day of January, 2020.

Keilon L. Madge Sr.
Keilon L. Madge/Petitioner
In Pro Per/Affiant

Reg. No. 31551-045
FCC-Yazoo City Medium
P.O. Box 5000
Yazoo City, MS 39194-5000

# CERTIFICATE OF SERVICE

I, __Keilon Madge__ hereby certify that I have served a true and correct copy of the following:

__§ 2255 Petition__

Which is deemed filed at the time it was delivered to prison authorities for forwarding. Houston v. Lack 101 L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

__U.S. District Court__
Clerk of the Court
__Western District of Missouri__
__Kansas City Division__
__U.S. Courthouse__

and deposited same in the United States Mail at    FCC-Yazoo City Medium LEGAL MAIL ROOM at Yazoo City, Mississippi.

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this __20th__ day of __January__, 20__19__.

_Keilon L. Madge Jr._

Keilon Madge / In Pro Per
Affiant / Petitioner
Reg. No. 31551-045

-7-

⇔31551-045⇔
Kellon L Madge
Yazoo City Medium
Federal Correctional Complex
P.O. Box 5000
Yazoo CITY, MS 39194-5000
United States

SCREENED BY
U.S. MARSHALS

U.S. District Court
Western District of Missouri
U.S. Courthouse
Clerk of the Court
400 E. Ninth Street
K.C., MO 64106

RECEIVED
2020 FEB 18 PM 12:57
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO


